## FREY v. FREY.
### No. 4958.

Court of Appeals of District of Columbia.
Argued May 6, 1930.
Decided June 2, 1930.

T. L. Jeffords, of Washington, D. C., for appellant.

Argyle Mackey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from an interlocutory order granting alimony pendente lite in a suit for divorce from bed and board.

The record discloses that on March 8, 1929, the appellee as plaintiff below filed a bill of complaint against appellant as defendant, wherein she alleged that she was lawfully married to appellant at Baltimore, Md., on March 7, 1927, and had ever since lived with him in the District of Columbia as his wife; that she had always conducted herself as a faithful and dutiful wife; that from May 7, 1927, to March 4, 1929, appellant had been guilty of extreme cruelty by the use of indecent and insulting language toward her and by violent physical assaults upon her; that appellant had failed and refused to provide for her as his wife, although well able to do so, and had finally driven her from his home and forbidden her to return to it. She prayed for a divorce from bed and board, for alimony, and for suit money and counsel fees.

Appellant filed an answer to the bill, alleging that the marriage ceremony which appellee and appellant went through in Baltimore, Md., on March 7, 1927, was not a lawful marriage, as both then well knew, because appellant had been previously married and his wife had secured a divorce from him on the ground of adultery, which deprived him of the right to marry again, and because appellee had been previously married and had secured a fraudulent divorce in a foreign jurisdiction by means of false representations as to her place of residence, which divorce was null and void, and appellee was not entitled to enter into a contract of marriage with appellant at the date of the ceremony at Baltimore or since. Appellant denied all charges of cruelty and failure to provide, and denied that appellee had conducted herself properly while the parties were living together following the ceremony at Baltimore. Appellant filed with his answer a number of affidavits and copies of records as evidence in support of his allegations.

Under Equity Rule 34 of the lower court, no reply was required to be filed by appellee with respect to the new or affirmative matter contained in the answer, which was deemed to be denied, and the cause stood at issue.

On March 22, 1929, the lower court, over the objections of appellant, ordered and decreed that he should pay to appellee the sum of $50 per month as alimony pendente lite, payable semimonthly from that date until the further order of the court. Thereupon appellant appealed from the foregoing order to this court, and filed an approved supersedeas bond in the sum of $1,000 to stay the execution thereof.

On August 28, 1929, appellee filed a motion in this court to require appellant to pay her temporary alimony and suit money pending the final determination of the case in this court. The application was resisted by appellant, but on September 16, 1929, the court passed the following order, to wit:

"On consideration of the motion for alimony pending appeal and an allowance for counsel fees and brief in the above entitled cause, It is ordered by the Court that temporary alimony pending appeal be and the same is hereby allowed at the rate of Fifty Dollars a month from March 22, 1929, and if appellant continues to prosecute the appeal the sum of Fifty Dollars is allowed for counsel fees and brief, said allowances to be paid by October 1, 1929."

The case has been submitted at the present term of this court, and appellant's brief contains a prayer that we shall "reverse the trial court and order the court below to dismiss the bill in this case, as he asked in his answer below."

It is manifest from a review of the record that this prayer must be denied. The issue raised by the pleadings filed in the lower court have not yet been heard or passed upon by that court. No order or decree has been entered below except for the granting of temporary alimony as aforesaid, and the present appeal was taken from that order alone. Such an appeal does not invest this court with jurisdiction to enter upon an original trial of the issues made by the pleadings in the lower court. These are still awaiting trial in that court, and there is nothing before us save the appeal from the allowance of temporary alimony. This subject was substantially disposed of by the order dated September 16, 1929, supra. The order of the lower court granting temporary alimony is accordingly affirmed at the cost of appellant.

Affirmed.